(No. 81-CC-0966—)

RESURRECTION HOSPITAL, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 26, 1981.*

JOHN E. GROSKOPF, for Claimant.

TYRONE C. FAHNER, Attorney General (KATHLEEN O'BRIEN, Assistant Attorney General, of counsel), for Respondent.

Poch, J.

The record in this cause indicates that the purpose of the expenditure by the Department of Children and Family Services for which this claim was filed was for emergency medical services for Daniel Seng, a child who was in the protective custody of the Department of Children and Family Services.

The Department of Children and Family Services has submitted a report on this claim which states that there were no funds remaining in the appropriation out of which this claim should have been paid (appropriation and fund No. 001-41817-4400-08-00), but that funds were available to the Department for the payment of this claim in appropriation and fund No. 001-41817-4400-03-00 if the Department had requested that a transfer bill be passed by the General Assembly.

Section 30 of An Act in relation to State Finance (Ill. Rev. Stat. 1979, ch. 127, par. 166) prohibits obligating the State to any indebtedness in excess of the money appropriated for a department, unless expressly authorized by law. Therefore, the only way an award on this claim may be made is if this expenditure was expressly authorized by law. Previously, expenditures for food and medical care for prisoners have been recognized to be expressly authorized by law. (Fergus v. Brady (1917), 277 Ill. 272). Also the Court has considered this problem in connection with the apprehension and return of fugitives. In those cases, the Court has made awards on the basis that payment was expressly authorized by law.

The child for whom these services were provided had been taken into protective custody by the Department of Children and Family Services pursuant to section

5 of the Abused and Neglected Child Reporting Act (Ill. Rev. Stat. 1979, ch. 23, par. 2055).

Section 5 of An Act creating the Department of Children and Family Services (Ill. Rev. Stat. 1979, ch. 23, par. 5005) provides that the Department shall have the authority, responsibilities and duties of a legal custodian under section 1—12 of the Juvenile Court Act (Ill. Rev. Stat. 1979, ch. 37, par. 701—12) whenever a child is taken into protective custody pursuant to the Abused and Neglected Child Reporting Act and before the child is brought before a judge. Section 1—12 of the Juvenile Court Act imposes upon the legal custodian of a child the duty to provide him with food, shelter, education and ordinary medical care.

The Court has considered the limitations placed on the Department of Children and Family Services by the General Assembly. It is the function of the General Assembly to control the government. However, this is a situation very close to that of *Fergus v. Brady.* Here, as in *Fergus v. Brady,* the State agency had custody because of the requirements of a statute and was authorized by law to provide basic necessities for the person in custody, in this instance a child.

The invoice for these services was submitted after the close of the fiscal year, but the Department of Children and Family Services was required to pay that invoice out of funds for that prior fiscal year. This situation leads to unique and difficult forecasting problems for the Department of Children and Family Services. The provider of these services should not be penalized because the Department is unable to accurately forecast specific appropriation fund requirements for each fiscal year. Had the Department been able to

properly forecast, sufficient funds would have been available for the payment of this claim.

Because the expenditure here in question was required by law, it is hereby ordered that the Claimant, be and is hereby awarded the sum of $74.30 (seventy four and 30/100 dollars).